IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 8:06CR116 |
| Plaintiff, ) | |
| ) | ORDER FOR |
| vs. ) | INTERIM PAYMENTS |
| ) | AND WAIVER OF |
| DALE L. GILES, ) | COMPENSATION LIMITS |
| Defendant. ) | |

This matter originated on April 20, 2006 with the indictment of codefendants Dale Giles and Charmar Brown. Nine individuals were eventually indicted on charges of conspiracy to distribute and possess with intent to distribute more than 1,000 kilograms of marijuana; firearms violations; and forfeiture counts. Five of the defendants pled guilty and have been sentenced. Charges are currently pending against Dale L. Giles, Charmar Brown, Evereada Kouris and Lavelle Giles.

Dale Giles was originally represented by retained counsel, Steve Lefler. On March 20, 2007, it became necessary to allow Mr. Lefler to withdraw. Mark A. Weber was appointed as substitute counsel pursuant to 18 U.S.C. § 3006A(f).

The court has previously certified this case as extended and complex at the request of other court-appointed defense counsel. Now pending is the motion [381] of defendant, Dale L. Giles, to certify this case as extended and complex, to waive compensation limits, to authorize interim payments to counsel, and to appoint associate counsel.

## I. WAIVER OF COMPENSATION LIMIT

Under 18 U.S.C. § 3006A(d)(2), "the compensation to be paid to an attorney ... shall not exceed $7,000 for each attorney in a case in which one or more felonies are charged." In this matter, it is likely that counsel will reasonably accrue fees in excess of the $7,000 limit. Payment in excess of the $7,000 limit "may be made for extended or complex representation whenever the court in which the representation was rendered, or the United States magistrate judge if the representation was furnished exclusively before him, certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." *Id.*

I have reviewed the reasons given for counsel's claims for more than the case compensation maximum, pursuant to the *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases*, Vol. VII, § A, Ch. 2, Part C, ¶ 2.22 C(2). Pursuant to 18 U.S.C. § 3006A(d)(3), and the *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases*, Vol. VII, § A, Ch. II, Part C, ¶ 2.22 B(3), I certify that a payment in excess of CJA compensation maximums is appropriate in this matter to provide fair compensation to defense counsel because the matter is both extended and complex as defined

in the foregoing subsection of the Guide and because the excess amount is necessary to provide fair compensation.

## II. INTERIM PAYMENTS

Due to the anticipated hardship on court-appointed counsel in undertaking representation full-time without compensation, pursuant to paragraph 2.30A of the *Guidelines for the Administration of the Criminal Justice Act*, the following procedures for interim payments shall apply during the course of counsel's representation in this case.

**1. Submission of Vouchers.** Counsel shall submit to the court clerk, once each **ninety (90) days**, an interim CJA Form 20, "Appointment of and Authority to Pay Court Appointed Counsel." Compensation earned and reimbursable expenses incurred from the first to the last day of each month shall be claimed on an interim voucher submitted no later than the twentieth day of the following month, or the first business day thereafter. The first interim voucher submitted shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to **June 30, 2007** and shall be submitted no later than **July 30, 2007**; thereafter, the vouchers shall be submitted **once each ninety day period** according to the schedule outlined above. Counsel shall complete Item 19 on the form for each interim voucher. Each interim voucher shall be assigned a number when processed for payment. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers shall be supported by detailed and itemized time and expense statements. Chapter II, Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

I will review the interim vouchers when submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for two-thirds of the approved number of hours. This compensation will be determined by multiplying two-thirds of the approved number of hours by the applicable rate. I will also authorize for payment all reimbursable expenses reasonably incurred.

At the conclusion of the representation, each counsel shall submit a final voucher seeking payment of the one-third balance withheld from the earlier interim vouchers, as well as payment for representation provided during the final interim period. The final voucher shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. Counsel shall reflect all compensation and reimbursement previously received on the appropriate line of the final voucher, as well as the net amount remaining to be paid at the conclusion of the case. After reviewing the final voucher, I will submit it to the chief judge of the circuit or his delegate for review and approval.

**2. Reimbursable Expenses.** Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to the representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of **$500.00** without prior approval of the Court. Such approval may be sought by filing an *ex parte* application with the Clerk stating the

nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed *in camera*, if necessary. Upon finding that the expense is reasonable, I will authorize counsel to incur it. Recurring expenses, such as telephone toll calls, photocopying and photographs, which aggregate more than **$500.00** on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside of **Omaha, Nebraska metropolitan area** for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $500.00 rule should be applied in the following manner. Travel expenses, such as air fare, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $500.00, the travel should receive prior approval of the Court.

The following additional guidelines may be helpful to counsel:

a. Case related travel by privately owned automobile should be claimed at the rate of **48.5 cents per mile**, plus parking fees, ferry fares, and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. Counsel and persons providing services under the CJA are encouraged to contact the clerk for air travel authorization at government rates.

b. Actual expenses incurred for meals and lodging while traveling outside of the Omaha, Nebraska metropolitan area in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the Clerk.

c. Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Rule 17, Fed. R. Crim. P. and 28 U.S.C. §1825.

3. **Further questions or guidance.** Answers to questions concerning appointment under the Criminal Justice Act can generally be found in (1) 18 U.S.C. § 3006A; (2) the Amended Criminal Justice Act Plan of the United States District Court for Nebraska, available through the court's website, and (3) *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, available through the website of the Office of Defender Services, www.fd.org. Should these references fail to provide the desired clarification or direction, counsel should address their inquiry directly to me or my staff.

### III. APPOINTMENT OF ASSOCIATE COUNSEL

Mr. Weber has requested that his associate, Ms. Kylie Wolf, be appointed to serve as associate counsel in this matter. Although the related case pending in state court involves a triple homicide, there is no death penalty matter pending in this court. For that reason, I decline to appoint Ms. Wolf as co-counsel under the CJA. Ms. Wolf may, however, enter her appearance as co-counsel and Mr. Weber may request compensation for her hours in accordance with the *Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases*, Vol. VII, § A, Ch. 2, Part B, ¶ 2.11A, which provides:

#### 2.11   Compensation of Co-counsel.

**A.   Without appointment.** Unless appointed in accordance with paragraphs 2.11 B or 6.01 A, co-counsel or associate attorneys may not be compensated under the Act. However, an appointed counsel may claim compensation for services furnished by a partner or associate or, with prior authorization by the court, counsel who is not a partner or associate, within the maximum compensation allowed by the Act, separately identifying the provider of each service.

**IT IS SO ORDERED.**

DATED   4/4/07   .

BY THE COURT:

Laurie Smith Camp
United States District Judge

APPROVED  4/16/07   .

James B. Loken

Chief Judge, United States Court of
Appeals for the Eighth Circuit

-4-