IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR116 |
| Plaintiff, | ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| DALE GILES, | ) ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The Government has adopted the PSR and Addendum (Filing No. 596), and the Defendant Dale Giles has raised several objections to it (Filing No. 600), and he has filed a motion to join in the objections to the PSR raised by co-defendant, Charmar Brown. (Filing No. 607). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

Defendant objects generally to the prosecution's version of the offense and factual statements made in paragraphs 14-31 of the PSR. Further, Defendant objects to paragraph 33, and other findings and conclusions that relate to the assertion that Defendant should be held responsible for 8,536.7 kilograms of marijuana; and he objects to the statements in paragraph 43, and all related findings and conclusions, that he is responsible for the deaths of three individuals, the reason for the deaths, and that the Base Offense Level is 43.

Giles also objects to 1) paragraph 45, and its 4-level enhancement to the base offense level based on his role as a leader or organizer in the drug conspiracy; 2) paragraph 48, and its 2-level increase for obstruction of justice based upon the factual

allegations contained in paragraphs 37 and 38 of the PSR; and 3) paragraphs 54 and 55 and related paragraphs, and the conclusion that he is responsible for the firearms-related offenses charged in Counts II, IV, and VII of the Fifth Superseding Indictment.

Defendant Giles also objects to the probation officer's failure to address the impact of *Gall v. United States,* — S.Ct. — (2007), but there is no basis for sustaining that objection because the Court will give the Sentencing Guidelines the weight the Court believes they are due under the circumstances of this case, consistent with *Gall.*

Giles' motion to join in the objections to the PSR raised by Charmar Brown will be granted to the extent Giles seeks to rely on the briefing provided in support of Brown's objections that duplicate Giles' objections, i.e. the accuracy of paragraph 43. Brown raises at least one objection that does not appear to have been raised in Giles' objections, relating to the order of convictions as between Counts II and IV, and the effect on the potential penalties imposed, which may duplicate to some extent the objections raised by Giles to paragraphs 54 and 55. The motion to join will be granted as to that objection.

Both the Government and Giles ask the Court to take judicial notice of the trial proceedings.

IT IS ORDERED:

1. The parties are notified that the Court will take judicial notice of the trial proceedings in this matter;

2. The Defendant Giles' motion to join in Charmar Brown's objections to the PSR and briefing (Filing No. 607) is granted to the extent above-described;

3. Counsel will be heard before sentencing with regard to the objections to paragraphs 43, 45, 48, 54 and 55, and the effect of the convictions for Counts II, IV, and

VIII only, and the Court will consider the briefing performed in support of objections asserted by Defendant Charmar Brown;

    4.    In all other respects, the Court tentative findings are that the PSR is correct;

    5.    If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

    6.    Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final; and

    7.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of January, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge