UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
    **Plaintiff**

v.

**DALE GILES**
    **Defendant**

Case Number 8:06cr116-001

USM Number 14443-047

**MARK A. WEBER**

**Defendant's Attorney**

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** was found guilty on counts I, II, III, IV, V, VI, VII, and VIII of the Fifth Superseding Indictment after a jury trial on October 25, 2007.

**ACCORDINGLY,** the court has adjudicated that the Defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 21:846 CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA | June 20, 2006 | 1sssss |
| 18:924(c)(1)(A) and (C)(I) and 18:2 USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME (CT 1) | October 3, 2005 | 2sssss |
| 18:922(g)(1) -FELON IN POSSESSION OF A FIREARM | October 3, 2005 | 3sssss |
| 18:924(c)(1)(A) and (C)(I) and 18:2- USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME (CT 1) | May 4, 2005 | 4sssss |
| 18:922(g)(1) - FELON IN POSSESSION OF A FIREARM | May 4, 2005 | 5sssss |
| 21:841(a)(1) & (b)(1)(B)(vii)- POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA | April 4, 2006 | 6sssss |
| 18:924(c)(1)(A) and (C)(I) and 18:2- USE OF A FIREARM DURING A DRUG TRAFFICKING CRIME (CT 6) | April 4, 2006 | 7sssss |
| 18:922(g)(1) FELON IN POSSESSION OF A FIREARM | April 4, 2006 | 8sssss |
| 21:853 FORFEITURE | June 26, 2006 | 9sssss |

The Defendant is sentenced as provided in pages 2 through 11 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Indictment, Superseding Indictment, Second Superseding Indictment, Third Superseding Indictment and Fourth Superseding Indictment are dismissed on the motion of the United States as to this defendant only.

Final order of forfeiture as to Count IX forthcoming.

Following the imposition of sentence, the Court advised the Defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the Defendant shall notify the court and United States attorney of any material change in the Defendant's economic circumstances.

Date of Imposition of Sentence:<br>
January 28, 2008

s/Laurie Smith Camp<br>
United States District Judge

February 1, 2008

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **LIFE** on Counts I and VI of the Fifth Superseding Indictment, which are grouped pursuant to U.S.S.G 3D1.2(c); **120 months** on Counts III, V, and VIII, to be served concurrently with the life sentence for Counts I and VI; **120 months** on Count II, to be served consecutively to all other counts; **300 months** on Count IV, to be served consecutively to all other counts; and **300 months** on Count VII, to be served consecutively to all other counts.

The Court makes the following recommendations to the Bureau of Prisons:

1.   Defendant shall be given credit for time served pending sentencing.

The Defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the Defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the Defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the Defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: DALE GILES  
Case Number: 8:06cr116-001  
Page 4 of 11

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **10 years** for Count I and **8 years** for Count VI to be served concurrently; **2 years** for each of the Counts III, V, and VIII, to be served concurrently; **3 years** on Count II, to be served concurrently; **3 years** on Count IV, to be served concurrently; and **3 years** on Count VII, to be served concurrently**.**

The Defendant shall report to the probation office in the district to which the Defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The Defendant shall not commit another federal, state or local crime.

The Defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The Defendant shall not unlawfully possess a controlled substance. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the Defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The Defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The Defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The Defendant shall support his or her dependents and meet other family responsibilities;
5. The Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the Defendant shall notify third parties of risks that may be occasioned by the Defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. Paragraph # 7 of the Standard Conditions of supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the Defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

3. The Defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the Defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The Defendant shall attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer.

5. The Defendant shall participate in a victim awareness program as directed by the probation officer. Based on the Defendant's ability to pay, the Defendant shall pay for the costs of the program in an amount determined by the probation officer.

6. The Defendant shall provide the probation officer with access to any requested financial information.

7. Pursuant to 18 U.S.C. § 3583 (d), the Defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the Defendant is using a controlled substance. Further, the Defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled substances in the Defendant's body fluids and to determine whether the Defendant has used any of those substances. Based on the Defendant's ability to pay, the Defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances in an amount to be determined by the probation officer.

8. The Defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement, and, thereafter, as directed by the probation officer.

Defendant: DALE GILES  
Case Number: 8:06cr116-001

Page 6 of 11

# CRIMINAL MONETARY PENALTIES

The Defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$800.00** | | |

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.

Defendant: DALE GILES                                                                                                Page 7 of 11
Case Number: 8:06cr116-001

## SCHEDULE OF PAYMENTS

The Defendant shall pay the special assessment in the amount of $800.00.

The criminal monetary penalty is due in full on the date of the judgment. The Defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the Defendant's term of incarceration, the Defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program. Using such Program, the Defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the Defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the Defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the Defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the Defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court. Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The Defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The Defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

The Defendant shall forfeit the Defendant's interest in the following property to the United States:

**See Attachment A**

Defendant: DALE GILES
Case Number: 8:06cr116-001

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk

ATTACHMENT A

A) UNITED STATES CURRENCY:

1) $2,562.00 in United States currency recovered from Charmar Brown on February, 6, 2005;

2) $47,430.00 in United States currency seized from Dales Giles and Charmar Brown on March 20, 2005;

3) $2,588.00 in United States currency seized from Charmar Brown on April 11, 2005;

4) $12,647.00 in United States currency seized from Dale Giles on May 22, 2005;

5) $358,030.00 in United States currency recovered from Milt's Mini Storage unit 246 on April 3, 2006;

6) $164,900.00 in United States currency recovered from Crown Point Mini Storage unit 135 on April 4, 2006;

7) $81,000.00 in United States currency recovered from 7006 ½ Maple Street on April 4, 2006;

8) $22,990.00 in United States currency recovered from 2629 North 130th Street on April 4, 2006;

9) $2,421.00 in United States currency recovered from Dale Giles on April 4, 2006;

10) $16,000.00 in United States currency recovered on April 14, 2006;

11) $800.00 in United States currency recovered from a Buick Rendezvous on September 14, 2006;

B) VEHICLES:

12) A 2005 Dodge Magnum, VIN 2D4GZ58295H623338, registered to Lamont Giles recovered from 7006 ½ Maple on April 4, 2006;

13) A 2006 BMW 750 Li, VIN WBAHN83526DT35866 recovered from 7006 ½ Maple on April 4, 2006;

14) A 2006 BMW 750 Li, VIN WBAHN83586DT35953, recovered from 7006 ½ Maple on April 4, 2006;

15) A 2004 Chevrolet Silverado K1500, VIN 2GCEK19T641181036 registered to Chamar/Audrey Brown recovered from 7006 ½ Maple on April 4, 2006;

16) A 2003 Chevrolet K1500 Suburban, VIN 1GNFK16Z33J233442 registered to 40 Deuce Music Corp. recovered from 7006 ½ Maple on April 4, 2006;

17) A 2004 Chevrolet Corvette, VIN 1G1YY22G645112921 recovered from 7006 ½ Maple on April 4, 2006;

18) 2005 Dodge Durango, VIN 1D4HB48N55F551276 registered to Evereada Kouris recovered from 72nd and Cornhusker on April 4, 2006;

19) A 1973 Chevrolet Caprice, VIN 1L57H3S119839 registered to Dale Lamont Giles recovered from Milt's Mini Storage unit 245 on April 3, 2006;

20) A 1985 Cadillac El Dorado, VIN 1G6EL5782FE648329 recovered from Milt's Mini Storage unit 246 on April 3, 2006;

21) 2002 Chevrolet K1500 Suburban, VIN 3GNFK16Z02G254524 registered to Charmar Brown recovered from 2629 N. 130th on April 4, 2006;

22) A 2005 Cadillac Escalade, VIN 3GYFK66N45G157635 registered to Dale Giles recovered in driveway at 6053 Ellison on April 4, 2006;

Defendant: DALE GILES  
Case Number: 8:06cr116-001

Page 10 of 11

23) 1973 Chevrolet Caprice Convertible, VIN 1N67R3S236208 recovered from 7603 Crown Point Ave. #292 on April 4, 2006;

24) A 1984 Dodge Ram 150 Van, VIN 2B7FB13H9EK247549 recovered from 7603 Crown Point Ave. #350 on April 4, 2006;

25) 1966 Chevrolet Impala, VIN 1643768S241082 recovered from PS Auto Body, 2832 N. 70th Ave., on April 6, 2006;

26) 1972 Chevrolet Monte Carlo, VIN 1H57J2K509758 recovered from PS Auto Body, 2832 N. 70th Ave., on April 6, 2006;

27) 2003 Chevrolet Monte Carlo, VIN 2G1WW12E539234113 registered to Latasha Willis recovered from Milt's Mini Storage unit 427 on April 8, 2006;

28) 2000 Ford F-150, VIN 1FTRX18W0YKA54559 registered to K-Nown LLC recovered from Dale Giles and Lavelle Giles on 60th and Ames on April 4, 2006;

29) A 2003 Chevrolet Silverado K1500, VIN 2GCEK19N631403882 registered to Dale Lamont Giles;

30) 2000 Buick LaSabre VIN 1G4HR54KXYU141529 registered to Dale Giles;

C) FINANCIAL ACCOUNTS:

31) Edward Jones Account # 62309705 in name of Charmar A. Brown with a balance as of April 28, 2006, of $1,264.14;

32) Edward Jones Account # 62309881 in name of Charmar A. Brown with a balance as of April 28, 2006, of $1,576.93;

33) Edward Jones Account # 62309882 in name of Charmar A. Brown with a balance as of April 28, 2006, of $1,576.93;

34) US Bank Account # 2-630-9900-6839 in name of Dale Giles with a balance as of April 18, 2006, of $662.20;

35) US Bank Account # 1-508-9093-4758 in name of K-Nown (LLC) with a balance as of April 18, 2006, of $298.16;

36) All interest Dale Giles has in any real estate commissions paid to or through Dan Swartz Realty and an escrow account with Talon Group, 3923 S. McClintock St., Ste. 410, Tempe, AZ 85282 for real property located at 11733 W. Hadley St., Avondale, AZ 85323, in the amount of $28,543.00;

39) All interest Dale Giles has in a cashiers check issued from U.S. Bank representing the proceeds of closed account # 1-508-9093-4691 in the amount of $2,888.11;

10

Defendant: DALE GILES  
Case Number: 8:06cr116-001  
Page 11 of 11

40) All interest Charmar Brown has in a cashiers check issued from U.S. Bank representing the proceeds of closed account # 1-508-7050-0074 in the amount of $542.36;

D) REAL PROPERTY:

41) all right, title and interest Dale Giles may hold to the real property described as Lot 12, West Keystone Park, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, commonly known as 3811 N. 88 Ave., Omaha, Nebraska;

42) all right, title and interest Dale Giles and Charmar Brown may hold to the real property described as the East 35 feet of the South 110 Feet of Tax Lot 17, in Section 3, Township 15 North, Range 13 East of the 6th P.M., an Addition to the city of Omaha, as surveyed, platted, and recorded in Douglas County, Nebraska, commonly known as 2118 Ames Avenue, Omaha, Nebraska;

43) all right, title and interest Dale Giles and Charmar Brown may hold to the real property described as Lots 1, 2, 3, 4, 5 and 6, Block 14, in Weir Crest, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, except a triangular parcel of land located in the Northeast corner of Lot 1, Block 14, in Weir Crest, deeded to the City of Omaha in Warranty Deed filed March 10, 1977 in Book 1564 at Page 405 of the Deed Records of Douglas County, Nebraska, described as follows: Beginning at the Northeast corner of Lot 1; thence South 5 feet along the East property line of Lot 1; thence Northwesterly 7.07 feet to a point on the North line of Lot 1, said point being 5 feet West of the Northeast corner of Lot 1; thence East 5 feet along the North property line of Lot 1, to the point of beginning, commonly known as 4816 S. 60th St., Omaha, Nebraska, and Lots 42 and 43 in Block 14, in Weir Crest, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska; and Lots 44, 45, 46, 47 and 48, in Block 14, in Weir Crest, an addition to the City of Omaha, as surveyed, platted and recorded in Douglas County, Nebraska, except a triangular parcel of land located in the Southeast corner of Lot 48, Block 14, in Weir Crest, deeded to the City of Omaha in Warranty Deed filed March 10, 1977 in Book 1564 at Page 402, described as follows: Beginning at the Southeast corner of Lot 48; thence North 5 feet along the East property line of Lot 48; thence Southwesterly 7.07 feet to a point on the South property line of Lot 48; thence East 5 feet along the South property line of Lot 48, to the point of beginning, commonly known as 4824 S. 60th St., Omaha, Nebraska;

E) MISCELLANEOUS:

44) recording equipment including but not limited to speakers, monitors, keyboards, computers, recorders, and microphones seized from 4816 S. 60th St., on April 4, 2006;

45) a Magnavox 50 inch television recovered from 1214 Applewood Drive, G208, on April 4, 2006;

46) a JVC 56 inch wide screen projection television recovered from 7603 Crown Point Ave., #135 on April 4, 2006;

47) Any and all jewelry including but not limited to three watches recovered from 1214 Applewood Drive, G208, on April 4, 2006;

48) Any and all jewelry including but not limited to diamond earrings and ring taken from Evereada Kouris on or about June 26, 2006; and

49) Any and all jewelry including but not limited to gold chains, rings, watch, bracelet and a diamond pendant recovered from 3547 North 40th Avenue on June 26, 2006.