# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR116** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **DALE GILES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the motion filed by the Defendant, Dale Giles, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 795).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Giles was convicted after a jury trial to the following charges in the Fifth Superseding Indictment: conspiracy to distribute or possess with intent to distribute 1,000 kilograms or more of marijuana (Count I); using, carrying, or possessing a firearm during and in relation to a drug trafficking crime (Counts II, IV, and VII); being a felon in possession of a firearm (Counts III, V, and VIII); and possessing at least 100 kilograms of marijuana with intent to distribute (Count VI).

Giles was sentenced to the following terms of imprisonment: life imprisonment on Counts I and VI, which were grouped; 120 months on Counts III, V, and VIII, to be served concurrently with the life sentence; 120 months on Count II, to be served consecutively to all other counts; 300 months on Count IV, to be served consecutively to all other counts; and 300 months on Count VII, to be served consecutively to all other counts. The Eighth Circuit Court of Appeals affirmed this Court's judgment as to Giles. Giles timely filed his § 2255 motion.

## DISCUSSION

In his § 2255 motion, Giles argues that he received ineffective assistance of counsel at the following stages: pretrial (Ground One); trial (Ground Two); sentencing (Ground Three); and appeal (Ground Four).

In order to establish ineffective assistance of counsel, Giles must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings requires that a movant "state the facts supporting each ground." The form completed by Giles states the same requirement. The Court notes that Giles's petition consists of lists of allegations without any supporting facts. The Court has proceeded to evaluate his petition based on

2

the scant information provided, given the seriousness of the charges and sentences imposed.

## I.    Ground One: Pretrial

Giles alleges that his attorney(s) were ineffective at the pretrial stage of his case for: (1) failing to move for dismissal on speedy trial grounds, where at least 237 days were not excludable; (2) failing to move for dismissal where he was incarcerated for at least 539 days pending trial; (3) failing to inform him of his statutory and constitutional rights to a speedy trial; (4) failing to investigate and interview the prosecutor and witness George Moore, where Giles produced evidence showing that Moore's pre-arrest statements did not allege Giles's involvement; (5) failing to move for dismissal of Counts I and VI as multiplicious; (6) failing to move dismissal of Counts II and IV as multiplicious; and (7) attempting to influence government witnesses.

### (1)    Speedy Trial

Giles argues that his counsel was ineffective for failing to move for a dismissal based on speedy trial grounds. The government will be ordered to answer this claim.

### (2)    "Speedy" Trial/Custody

Giles alleges his lawyer was ineffective for failing to move for a dismissal based on the number of days Giles was incarcerated before trial. The government will be ordered to answer this claim.

### (3)    Informing Defendant of Speedy Trial Right

Giles argues his attorney was ineffective for failing to inform him of his statutory and constitutional rights to a speedy trial.

The record shows that Giles was aware of his right to a speedy trial. Giles waived his speedy trial rights in open court. (Filing No. 6.) Moreover, his signed speedy trial waiver indicates that his counsel explained his statutory and constitutional rights to a speedy trial to him. The signed speedy trial waiver states:

> 3.   I am aware that my attorney has filed a Motion . . . which, if granted, will result in my not being brought to trial within the 70-day period of time.
>
> 4.   . . . I am willing to waive my right to a speedy trial.
>
> 5.   I am aware of my rights under the Speedy Trial Act and the Sixth Amendment to the United States Constitution. . . . I hereby waive any rights under the Speedy Trial Act . . . . I am aware that the additional time resulting from the granting of [this or any subsequent motion for a continuance] may be excludable time for the purposes of computing any Speedy Trial Act deadline.

(Filing No. 99.)

Giles cannot prove either *Strickland* prong with respect to this claim, which is denied.

**(4)   Failure to Investigate/Interview Prosecutor and Witness George Moore**

Giles argues that his attorney was ineffective for failing to interview Assistant United States Attorney Susan Lehr and trial witness George Moore, when Giles presented evidence showing that Moore's pre-arrest statements did not allege Giles's involvement.

The government will be ordered to answer this claim.

**(5)   Counts I and VI: Multiplicious**

Giles argues his lawyer was ineffective for failing to move for the dismissal of Counts I and VI as multiplicious. Count I alleges conspiracy to distribute and possess with intent to distribute marijuana from at least as early as October 1, 2004, through June 20,

4

2006. Count VI alleges possession with intent to distribute marijuana on or about April 3, 2006, through April 4, 2006.

While overlapping evidence was produced at trial to prove the violation of each count in question, each statutory provision requires proof of a fact not required to be proved by the other. Therefore, the counts are not multiplicious. *United States v. Wilkinson,* 124 F.3d 971, 975 (8th Cir. 1997) (citing *Blockburger v. United States,* 284 U.S. 299, 304 (1932)).

Giles cannot prove either *Strickland* prong with respect to this claim, which is denied.

**(6)     Counts II and IV: Multiplicious**

Giles argues his lawyer was ineffective for failing to move for the dismissal of Counts II and IV as multiplicious. Count II alleges that on or about October 3, 2005, Giles used or carried a firearm in relation to the offense charged in Count I. Count IV alleges that Giles committed the same crime on or about May 3 through May 4, 2005.

The evidence required to prove Counts II and IV differed. The offenses occurred on different dates and at different locations. *Id.*

Giles cannot prove either *Strickland* prong with respect to this claim, which is denied.

**(7)     Attempting to Influence Government Witnesses**

Giles argues his lawyer was ineffective by attempting to influence government witnesses.

The government will be ordered to answer this claim.

**II.     Ground Two: Trial**

**(1)     Failing to Subpoena Prosecutor as Rebuttal Witness**

Giles argues his attorney was ineffective for failing to subpoena AUSA Susan Lehr to rebut the testimony of government witness George Moore.

The government will be ordered to answer this claim.

**(2)     Jury Instruction for Count VII**

Giles alleges his attorney was ineffective for failing to argue that Jury Instruction No. 25, relating to Count VII, was erroneous.

In deciding the appeal with respect to Charmar Brown, the Eighth Circuit Court of Appeals determined that the Court's instructions incorrectly defined "possessed in furtherance of." The circuit court stated that the Court erred by including the following language from then-model jury instruction 6.18.924C: "'the firearm must have some purpose or effect with respect to the [drug trafficking crime]; its presence or involvement cannot be the result of accident or coincidence.'" (Filing No. 741, at 15 (quoting Jury Instruction No. 26 regarding codefendant Charmar Brown).) The appeals court reasoned that this definition is "nearly identical to the Supreme Court's definition of 'in relation to,' which is not an element of the possession offense" of § 924(c) but is an element of the using or carrying "during and in relation to" prong of § 924(c). The court explained that the jury was therefore instructed to find Brown guilty of Count VII if he possessed a firearm in relation to drug trafficking, when the possession prong of § 924(c) requires "in furtherance of," which requires a higher standard of proof, than the "in relation to" language that pertains to the use or carry prong of § 924(c). The Eighth Circuit determined the instruction

was erroneous.[1]  *United States v. Kent,* 531 F.3d 642, 654-55 (8th Cir. 2008); *United States v. Gill,* 513 F.3d 836, 849 (8th Cir. 2008); *United States v. Gamboa,* 439 F.3d 796, 810 (8th Cir. 2006).  The circuit court reversed Brown's conviction on Count VII, stating that the Indictment and jury instructions only described "during and in relation to" and not "in furtherance of,"[2] and therefore evidence of using or carrying was required to convict Brown of Count VII.

Although Giles does not state the basis for his asserted ground of ineffective assistance of counsel as it relates to Jury Instruction No. 25 relating to Count VII, the Court presumes his asserted ground is relates to Brown's success on appeal.

The government will be ordered to answer this claim.

**(3)   Informant Jury Instruction**

Giles argues his lawyer was deficient for not requesting an "informant" instruction. The Court included Model Instruction 4.05A (Credibility - Cooperating Witness), but it did not include, and no party requested, Model Instruction 4.06 (Testimony of Informer).

The government will be ordered to answer this claim.

**(4)   Testimony Regarding Former Attorney Crawford**

Giles states that his counsel was ineffective for not objecting to testimony regarding the conduct of his former attorney, Terri Crawford.

The government will be ordered to answer this claim.

---

[1]The model instruction has been changed in the 2009 Eighth Circuit Model Criminal Jury Instructions.

[2]Neither Giles nor Brown objected to Instruction Nos. 25 or 26, respectively, at trial. Although the government's counsel conceded on appeal that the jury instruction was erroneous, she did not object at trial.

**(5)     *Batson***

While Giles contends that a *Batson* violation was not properly argued, in considering the *Batson* issue raised by all three appellants, the Eighth Circuit said it could not "conclude on this record that the district court clearly erred in finding that the prosecutor had exercised her strikes against" the only two African American jurors for race-neutral reasons.  (Filing No. 741, at 8-9.)

Because Giles cannot prove either *Strickland* prong, this claim is denied.

**(6)     Advice Regarding, and Allowance of, Defendant's Testimony**

Giles argues his counsel did not allow him to testify and failed to advise him the decision was his.

The government will be ordered to answer this claim.

**III.    Sentencing**

**(1)    Vacate Count I or VI**

Giles argues his attorney was ineffective for not arguing that the conviction and sentence for Count I or VI be vacated.  However, for sentencing guideline purposes those counts were grouped, and U.S.S.G. §§ 2D1.1(d)(1) and 2A1.1(a) were applied. Therefore, vacating Count I or VI would have had no effect on Giles's guideline range.

Giles cannot establish the prejudice prong of the *Strickland* test, and therefore the Court need not evaluate the first prong of the test.  Therefore, this claim is denied.

**(2)    Vacate Count II or IV**

Similarly, Giles alleges that his lawyer should have argued that the conviction and sentence for Count II or IV should have been vacated.  Both counts charged using,

8

carrying, possessing, and discharging a firearm during and in relation to a drug trafficking crime. Under 18 U.S.C. § 924(c), each count requires a separate consecutive term of imprisonment.

Because Giles is serving a life sentence without parole, an argument can be made that Giles cannot prove the prejudice prong. Nevertheless, the Court will order the government to answer this claim.

**(3)     Sentences for Counts II and IV Should be Concurrent**

Giles argues his attorney was deficient in not arguing that the sentences imposed for Counts II and IV be run concurrent. Both counts are charged under 18 U.S.C. § 924(c)(1)(A) and (C)(i), requiring consecutive sentences for both counts.

Because Giles cannot prove either *Strickland* prong, this claim is denied.

**(4)     Drug Quantity Did Not Result in a Guideline Sentence of Life**

Giles states his counsel should have argued the drug quantity was insufficient to require a guideline sentence of life. However, Giles's base offense level of 43 was reached not by the drug quantity, but rather through the application of §§ 2D1.1(d)(1) and 2A1.1 due to the murders of three individuals. Giles's attorney did challenge both the drug quantity and the enhancement due to the murders, albeit without success.

Because Giles cannot prove either *Strickland* prong, this claim is denied.

**(5)     Life Sentence was Unreasonable**

Giles argues his lawyer was ineffective for not arguing a life sentence was unreasonable because "the jury did not find, nor was [he] charged, with murder or

attempted murder." The life sentence was a result of the application of §§ 2D1.1(a)(1) and 2A1.1, and the enhancement does not require a jury finding or a charge of murder.

Because Giles cannot prove either *Strickland* prong, this claim is denied.

## IV.   Appeal

**(1)   Jury Instruction for Count VII**

For the reasons stated under section II(2) above, the government will be ordered to answer this claim.

**(2)   Counts I and VI: Multiplicious**

For the reasons stated in section I(5) above, this claim is denied.

**(3)   Counts II and IV: Multiplicious**

For the reasons stated in section I(6) above, this claim is denied.

**(4)   Sentences for Counts II and IV Should be Concurrent**

For the reasons stated in section III(3) above, this claim is denied.

**(5)   *Batson***

For the reasons stated in section II(5) above, this claim is denied.

**(6)   Cautionary Instruction Regarding Government's Informants and Witnesses**

Giles argues his appellate counsel was ineffective for failing to argue the Court's failure to give a cautionary jury instruction regarding the government's informants and witnesses.

The Court gave the following final model jury instructions: 1.05 (Credibility of Witnesses); 4.04 (testimony Under Grant of Immunity or Plea Bargain); 4.05 (Testimony

of Accomplice); 4.05A (Credibility - Cooperating Witness); and 2.18 (Impeachment of Witness: Prior Conviction).

Giles does not state which instruction should have been given. However, in light of the discussion under section II(3) above, and out of caution, the Court will order the government to answer this claim.

**(7)    Speedy Trial**

Giles argues his appellate counsel should have argued that his right to a speedy trial was violated.

The government will be ordered to answer this claim.

**(8)    Life Sentence Was Unreasonable**

In light of the discussion under section III(5) above, this claim is denied.

## CONCLUSION

For the reasons discussed, the Court concludes that the government is ordered to answer certain claims as stated. The remaining claims are summarily denied under Rule 4(b) for the reasons discussed.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 795);

2. Upon initial review, the Court summarily denies the following claims: I(3), (5), and (6); II(5); III(1), (3), (4), and (5); and IV(2), (3), (4), (5), and (8);

      3.      The government is ordered to answer the following claims on or before Friday, May 27, 2011, and support its answer with a brief: I(1), (2), (4), and (7); II(1), (2), (3), (4), and (6); III(2); and IV(1), (6), and (7);

      4.      On or before Friday, July 8, 2011, the Defendant may file a responsive brief; and

      5.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 13th day of April, 2011.

                                                     BY THE COURT:

                                                     s/Laurie Smith Camp
                                                     United States District Judge