# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:06CR116 |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM |
| ) | AND ORDER |
| DALE GILES, ) | |
| Defendant. ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 795) and the government's Motion To Dismiss (Filing No. 820). Giles filed a supporting brief (Filing No. 806), the government filed a brief in support of its Answer (Filing No. 829) and an index of evidence (Filing No. 828), and Giles filed a responsive brief (Filing No. 835). On initial review, the Court summarily dismissed Claims: I(3), (5), and (6); II(5); III(1), (3), (4), and (5); and IV(2), (3), (4), (5), and (8) and required the government to answer Claims: I(1), (2), (4), and (7); II(1), (2), (3), (4), and (6); III(2); and IV(1), (6), and (7). The government moved to dismiss Count VII as against Giles.[1] For the reasons discussed below, the § 2255 motion will be denied on its merits.

## FACTUAL BACKGROUND

Giles was convicted after a jury trial of the following charges in the Fifth Superseding Indictment: conspiracy to distribute or possess with intent to distribute 1,000 kilograms or more of marijuana (Count I); using, carrying, or possessing a firearm during and in relation

---

[1]The Eighth Circuit Court of Appeals reversed codefendant Charmar Brown's conviction on Count VII, remanded his case for resentencing, and otherwise affirmed this Court's judgment. Brown was resentenced, and Count VII was vacated. Brown was sentenced as he was previously on the remaining counts.

to a drug trafficking crime (Counts II, IV, and VII); being a felon in possession of a firearm (Counts III, V, and VIII); and possessing at least 100 kilograms of marijuana with intent to distribute (Count VI).

Giles was sentenced to the following terms of imprisonment: life imprisonment on Counts I and VI, which were grouped; 120 months on Counts III, V, and VIII, to be served concurrently with the life sentence; 120 months on Count II, to be served consecutively to all other counts; 300 months on Count IV, to be served consecutively to all other counts; and 300 months on Count VII, to be served consecutively to all other counts. The Eighth Circuit Court of Appeals affirmed this Court's judgment as to Giles. Giles timely filed his § 2255 motion.

Steven Lefler represented Giles as retained counsel from the date of Giles's initial appearance. Terri L. Crawford was added as additional retained counsel on May 25, 2006. Lefler and Crawford withdrew on March 20, 2007, and on that date Mark A. Weber was appointed.

## DISCUSSION

### I. Government's Motion to Dismiss Count VII

The government moves to dismiss Count VII. This is permissible, even after sentencing, with Giles's consent. 3B CHARLES A. WRIGHT, NANCY J. KING, ET AL., FEDERAL PRACTICE AND PROCEDURE § 812, AT 331 (3D ED. 2004). Implicit in Giles's argument that the jury instruction with respect to Count VII was improper is Giles's "consent" to the dismissal of Count VII. The motion is granted, and an amended Judgment will be issued. The dismissal of Count VII renders Claim IV(1) in the § 2255 motion moot.

**II.     § 2255 Motion**

In order to establish ineffective assistance of counsel, Giles must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

**A.     Claims I(1), (2), and IV(7) - Speedy Trial**

Giles argues that his counsel was ineffective for failing to move for a dismissal based on his constitutional and statutory rights to a speedy trial.  He also argues that this issue should have been raised on appeal.

Absent exclusions, a defendant must be tried within 70 days from the date the indictment is made public or the defendant's initial appearance, whichever is later.  18 U.S.C. § 3161(c)(1).

In Giles's case, his initial appearance and arraignment hearing with respect to the original Indictment was held on April 25, 2006.  The Third Superseding Indictment (Filing No. 107) filed on August 23, 2006, added parties and, therefore the speedy clock was reset with the filing of that indictment. *United States v. Jenkins-Watts,* 574 F.3d 950, 966 (8th Cir. 2009).  Giles was arraigned on the Third Superseding Indictment on September 19, 2006, and the speedy trial calculation began on September 20, 2006.[2]

---

[2]The Court appreciates the government's speedy trial calculation.  However, its calculation only considered the motions of Giles, Charmar Brown and Evereada Kouris.

| # Days Elapsed | Date/Event |
|---|---|
| 0 | Hearing on motions at filings 89, 93, 95. Motions submitted upon receipt of transcript on 10/9/06; Magistrate Judge had until 11/8/06 to file Report and Recommendation ("RR"). |
| 0 | 11/8/06 - 12/18/06 - motions pending; on 12/18/06 last objections filed to RR (Filing 215); district judge had until 1/17/07 to file Memorandum and Order ("MO") |
| 0 | 1/18/07 - Fifth Superseding Indictment filed |
| 0 | 1/19/07 - MO (Filing 297) filed regarding RR (Filing 215) |
| 0 | before 1/20/07- 2/12/07 - pleas of Howard, Dotson, McGinnis, Newell; RRs and MOs |
| 0 | 2/12/07-9/25/07 - excluded (Filings 322, 399) |
| 0 | 9/25/07 - trial began |

Because it appears that no days elapsed under the speedy trial clock, Giles cannot prove either *Strickland* prong.

**B.    Claims I(4) and II(1) - Failure to Interview and Subpoena Witnesses**

Giles argues that his attorney was ineffective for failing to interview his former counsel Steven Lefler[3] and trial witness George Moore, when evidence showed that Moore's pre-arrest statements did not implicate Giles.

---

The Court considered all defendants in its calculation.

[3]The Court acknowledges its typographical error in its previous Memorandum and Order regarding the initial review substituting "Susan Lehr" for "Steven Lefler." Giles's motion addressed Lefler.

4

**1.     Steven Lefler**

Giles argues that trial counsel was ineffective for failing to subpoena Lefler to rebut the testimony of government witness George Moore. Giles's argument consists merely of general and conclusory allegations. Giles did not state what he expected Lefler to say, if subpoenaed. Such allegations are "deficient." *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001). Giles has not proved either *Strickland* prong.

**2.     George Moore**

Moore testified that he was interviewed by the government five times, and that he lied during the first three interviews. Generally, he stated his lie was to place the blame for the shootings on Brown at the direction of Giles's former counsel, Terri Crawford. Weber stated in his affidavit that he had no reason to subpoena Moore, as Moore was a government witness and he had the opportunity to cross-examine him. In fact, Weber did cross-examine Moore. Weber also stated that his trial strategy included not emphasizing Moore's testimony. Finally, Weber had reports of all of Moore's interviews and knew the government's case, including the details of Moore's expected testimony. The Eighth Circuit has stated that defense counsel is not ineffective for not interviewing a government witness if counsel knows the substance of the witness's testimony. See, e.g., *United States v. Smith,* 107 F.3d 876, at *1 (8th Cir. 1997); *Lindhorst v. United States,* 658 F.2d 598, 604 (8th Cir. (1981). Moreover, matters of trial strategy are routinely left to an attorney's discretion. *United States v. Villalpando,* 259 F.3d 934, 938-39 (8th Cir. 2001). Therefore, Giles cannot prove either *Strickland* prong.

5

### C. Claims I(7) and II(4) - Influencing Government Witnesses

Giles argues his former counsel, Terri Crawford, was ineffective by attempting to influence government witnesses. Giles also states that Weber was ineffective for not objecting to trial testimony regarding Crawford's conduct.

On direct appeal, Giles raised his ineffectiveness claim with respect to Crawford. The Eighth Circuit stated:

> Although Crawford's conduct may have been unethical and deficient, it ended six months before trial when she withdrew from representation. Her conduct did not harm Giles directly-it was not until this evidence was introduced and discussed at trial, without objection from Giles's trial attorney, that it had the potential to affect the jury's verdict.

*United States v. Brown,* 560 F.3d 754, 771 (8th Cir. 2009).

Weber stated in his affidavit that the evidence of Crawford's, and Giles's, actions to obstruct justice appeared to be relevant and unobjectionable. It is noted that Giles received an upward adjustment for obstruction of justice at sentencing. It was a part of Weber's trial strategy not to emphasize this damaging evidence with frivolous objections. Again, reasonable trial strategy is left to counsel's discretion. *Villalpando,* 259 F.3d at 938-39. The strategy is reasonable, and Giles cannot prove either *Strickland* prong.

### D. Claims II(3) and IV(6) - Informant Jury Instruction

Giles argues his lawyer was deficient for not requesting an "informant" instruction and that appellate counsel was remiss for not arguing this issue. Giles does not specify which instruction he would have included.

In its final instructions, the Court included the following model Eighth Circuit instructions relating to witness credibility: 1.05 (witness credibility); 4.04 (testimony under

grant of immunity or plea agreement); 4.05 (testimony of accomplice); 4.05A (credibility of cooperating witness); and 2.18 (impeachment of witness with one or more prior convictions). Had the Court given Eighth Circuit model instruction 4.06 (testimony of informer), for example, the instruction would not have added to the extensive instructions given with respect to witness credibility. And, as stated in the commentary accompanying model instruction 4.06, giving the instruction is within the trial court's discretion. *United States v. Payton,* 636 F.3d 1027, 1040 (8th Cir. 2011), *cert. denied,* __ S. Ct. __, 2011 WL 4536363 (Oct. 3, 2011). The appropriate inquiry is whether the "'instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury.'" *Id.* (quoting *United States v. Dvorak,* 617 F.3d 1017, 1024 (8th Cir. 2010), *cert. denied,* 131 S. Ct. 1539 (2011)). Giles has not alleged how the absence of Model Instruction 4.06, or any other "informant" instruction, affected the outcome of his case. He cannot prove either *Strickland* prong.

**E.     Claim II(6) - Giles's Right to Testify**

Giles argues his counsel did not allow him to testify and failed to advise him the decision was his.

The Eighth Circuit has determined that, if counsel rests and a criminal defendant wants to testify, a defendant has a duty to act affirmatively and ask to testify. *United States v. Bernloehr,* 833 F.2d 749, 752 (8th Cir. 1987). Weber rested on Giles's behalf after an off-the-record discussion was had. The transcript does not state with whom Weber conferred; however, the government stated in its brief that Weber conferred with Giles. (Filing No. 694, at 2813; Filing No. 829, at 19.) In any event, Giles allowed his attorney to rest without

7

objection. Moreover, Giles has not shown prejudice.[4] Therefore, Giles has not shown either prong of the *Strickland* test.

### F.     Claim III(2) - Vacate Count II

Similarly, Giles alleged that his lawyer should have argued that the conviction and sentence for Count II or IV should have been vacated. Both counts charged that Giles, on different dates, used, carried, possessed, and discharged a firearm during and in relation to a drug trafficking crime. Under 18 U.S.C. § 924(c), each count requires a separate consecutive term of imprisonment. In his reply brief, Giles argued only that Count II be vacated. (Filing No. 835-1, at 18.)

Giles initially offered little by way of argument in support of this claim, and the Eighth Circuit has often stated that conclusory allegations are insufficient to establish claims of ineffective assistance of counsel. *See, e.g., Bryson,* 268 F.3d at 562. In his reply brief, Giles expanded his argument stating that Weber failed to object to the testimony of witnesses Clarence Dennis and Cyrinthia Williams under Federal Rule of Evidence 403 as prejudicial. He argued that this alleged ineffectiveness affected the jury's verdict with respect to Count II.

Count II alleged that on or about October 3, 2005, Giles used, carried, possessed, and discharged a firearm during and in relation to the drug conspiracy. The government offered evidence, including the testimony of Dennis and Williams, regarding not only the October 3 shooting, but also a shooting on October 11, 2005. In considering a similar argument on appeal, the Eighth Circuit stated:

---

[4]The Court notes that Giles has a criminal history, including a drug felony, that certainly would be raised during his testimony.

> The government presented evidence about the later shooting in order to establish that Monte Williams was shot "during and in relation to" the drug trafficking conspiracy. . . . The government . . . produced Clarence Dennis to testify that he and Williams had stolen marijuana from Giles and Brown to show that the shootings on October 3 and 11 were in retaliation for that robbery. Neither defendant objected to this evidence on grounds of relevance or unfair prejudice . . . .
>
> . . . The evidence of the later shooting was presented to establish the motive for the attack on Monte Williams on October 3 and to tie it to the drug conspiracy. Moreover, the jury instructions clearly stated that Count II pertained to conduct on October 3.

(Filing No. 741, at 10.)

The absence of a Rule 403 objection does not "give rise to a reasonable probability" that Giles would not have been found guilty. *See Garrett v. United States,* 78 F.3d 1296, 1302 (8th Cir. 1996) (considering Rule 403). "Speculation as to what the . . . court might have done . . . is not equivalent to a showing of prejudice sufficient to undermine confidence in the outcome of the trial." *Id.* Moreover, the other evidence against Giles was not "flimsy or unpersuasive." *Id.* In summary, Giles cannot show prejudice because Weber did not object to the relevant testimony based on Rule 403.

Regarding hearsay, Giles raised an argument regarding the testimony of Dennis and Williams relating to Federal Rule of Evidence 801(d)(2)(E). The argument is unintelligible, and the government has not had the opportunity to respond to the new argument.

With respect to both arguments, Giles has failed to meet either *Strickland* prong.

## CONCLUSION

For the reasons discussed, Giles cannot satisfy the *Strickland* test. The record conclusively shows that Giles is not entitled to relief, and his § 2255 motion will be denied. Count VII will be vacated.

9

IT IS ORDERED:

1.The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 795) is denied;

2.The government's Motion To Dismiss (Filing No. 820) is granted, and an Amended Judgment and Commitment order will be filed;

3.A separate Judgment with respect to the § 2255 motion will be filed; and

4.The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 10th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge