# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR116 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| DALE GILES, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion filed by the Defendant, Dale Giles, for "Relief from the Final Judgment Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence," ECF No. 980, and his "Motion for a Definite Statement of the Court In Re: Status of Motion for Relief from Judgment," ECF No. 981.

In essence, Giles suggests that the Court should entertain a successive Motion under §2255, because the Court granted the government's Motion to Dismiss Count VII of the Fifth Superseding Indictment and issued an Amended Judgment in 2011. The Court will construe Giles's "Motion for Relief from Final Judgment" as a new motion under 28 U.S.C. § 2255, and will not consider it to be a successive motion in light of the fact that an Amended Judgment was entered after the filing of Giles's first motion under 28 U.S.C. § 2255..

## PROCEDURAL BACKGROUND

Giles was convicted of the following charges in the Fifth Superseding Indictment, following a jury trial: conspiracy to distribute or possess with intent to distribute 1,000 kilograms or more of marijuana (Count I); using, carrying, or possessing a firearm during and in relation to a drug trafficking crime (Counts II, IV, and VII); being a felon in

possession of a firearm (Counts III, V, and VIII); and possessing at least 100 kilograms of marijuana with intent to distribute (Count VI).

Giles was sentenced to the following terms of imprisonment: life imprisonment on Counts I and VI, which were grouped; 120 months on Counts III, V, and VIII, to be served concurrently with the life sentence; 120 months on Count II, to be served consecutively to all other counts; 300 months on Count IV, to be served consecutively to all other counts; and 300 months on Count VII, to be served consecutively to all other counts. The Eighth Circuit Court of Appeals affirmed this Court's judgment as to Giles. Giles timely filed his first § 2255 motion on January 21, 2011, ECF No. 795. The Court denied Giles's § 2255 Motion (see Memorandum and Order, ECF No. 839) on November 10, 2011, but granted the government's motion to dismiss Count VII of the Fifth Superseding Indictment, and entered an Amended Judgment, ECF No. 841, on November 15, 2011. Giles appealed the denial of his § 2255 Motion, and the Eighth Circuit's mandate, denying his appeal, was filed on January 8, 2014, ECF No. 933.

## DISCUSSION AND CONCLUSION

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

2

A § 2255 motion must be filed within one year of, in relevant part, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Even if Giles's "Motion for Relief from the Final Judgment Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence" is not considered to be a successive Motion under § 2255, it is untimely, and it must be denied on that basis. His suggestion that the Motion be construed as one under Fed. R. Civ. P. 60(b)(6) also fails. That Rule allows a court to relieve a party of a final judgment for any reason that justifies relief. Giles has not presented any such reason, and a motion under Rule 60(b)(6) is also untimely. See Fed. R. Civ. P. 60(c)(1).

**CONCLUSION**

Giles's "Motion for Relief from the Final Judgment Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence," ECF No. 980, will be denied as untimely. His "Motion for a Definite Statement of the Court In Re: Status of Motion for Relief from Judgment" will be denied as moot.

Accordingly,

IT IS ORDERED:

1. The Defendant Dale L. Giles's Motion for Relief from the Final Judgment Order Denying 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, ECF No. 980, is denied;

2. The Defendant Dale L. Giles's Motion for a Definite Statement of the Court In Re: Status of Motion for Relief from Judgment, ECF No. 981, is denied;

3. A separate Judgment will be entered; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 29th day of November, 2017.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge